Aaron **HENRY** et al., Plaintiffs,

v.

**FIRST NATIONAL BANK OF CLARKS-DALE et al., Defendants.**

No. DC 69–58–S.

United States District Court,
N. D. Mississippi,
Delta Division.

Oct. 20, 1976.

William E. Caldwell, Lawyers Committee for Civil Rights, Washington, D.C., John M. Ferren, David S. Tatel, Hogan & Hartson, Washington, D.C., for plaintiffs.

William E. Gore, Jr., Dixon L. Pyles, Pyles, Cupit & Maxey, Crane D. Kipp, Thomas E. Royals, Peters, Royals & Bennett, Jackson, Miss., for defendants.

Rex E. Lee, Glenn V. Whitaker, Dept. of Justice, Washington, D.C., H. M. Ray, U.S. Atty., Oxford, Miss., for the Government.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on motions for preliminary injunctions filed herein by plaintiffs National Association for the Advancement of Colored People (NAACP), Mississippi State Conference of the National Association for the Advancement of Colored People (State Conference) and Coahoma County Branch of the National Association for the Advancement of Colored People (Coahoma Branch), and the United States of America, and intervenor herein.

Time will not permit the preparation of an exhaustive opinion. Consequently, the court will deal with only the most important issues.

A resume of the background of this litigation is necessary for an understanding of the court's findings and conclusions as herein expressed. This court and the United States Court of Appeals for the Fifth Circuit have published opinions which give a factual background of the case. These opinions are, therefore, made a part hereof in order to establish the history of the controversy between the parties. *Henry v. First National Bank of Clarksdale*, 50 F.R.D. 251 (N.D.Miss.1970), *Henry v. First National Bank of Clarksdale*, 444 F.2d 1300 (5th Cir. 1971). The facts as set out in detail in both opinions are adopted by the court for the purpose of its findings and conclusions stated herein.

On the remand pursuant to the findings of the Fifth Circuit, an order was entered herein on June 14, 1972 vacating this court's injunctive order of June 9, 1970, and dis-

Frank Parker, Alix Sanders, Lawyers Committee for Civil Rights, Jackson, Miss., Nathaniel R. Jones, Charles E. Carter, N.A. A.C.P., New York City, Robert Murphy,

missing the amended complaint for lack of jurisdiction.

The state court complainants, defendants herein, contend that the entry of the order just above-mentioned deprives this court of jurisdiction of the action. The court does not agree. Judge Thornberry speaking for the Fifth Circuit following a discussion of this court's December 15, 1969 injunctive order and the part it played on the appeal, said:

> To the extent that we have discussed the December 15 order, we have done so for only two reasons: (1) To set the stage for our discussion of the June 9, 1970 order, and (2) to notify the parties that the December 15 interlocutory injunction against the attachments remains standing, pending a final determination by the district court of the many difficult questions raised by the original plaintiffs' procedural due process claim that all their funds have been illegally attached without notice and hearing, pursuant to a Mississippi non-resident attachment statute, when these plaintiffs are in fact residents of the State of Mississippi and not even parties to the state civil suit, the filing of which generated the attachments. Cf., e.g., *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). As we proceed to what really concerns us on this appeal, therefore, we understand that the Banks and the state court complainants are presently preliminarily enjoined from withholding or causing to be withheld pursuant to writs of attachment issued in connection with Cause No. 78353 in Chancery Court of the First Judicial District of Hinds County, Mississippi, funds belonging to the original plaintiffs deposited in the defendant Banks.

444 F.2d 1306.

█ The issues created by the complaint and defendants' answer thereto have not been tried and no disposition has been made of the same. The injunctive order rendered by the court on December 15, 1969, is therefore in force and provides specifically as follows:

Defendants herein, who are complainants in Cause No. 78353 in Chancery Court of the First Judicial District of Hinds County, are preliminarily enjoined, subject to final action of this court, from subjecting or causing to be subjected in any way funds of plaintiffs deposited in the defendant banks to attachment or other process causing plaintiffs to be deprived of the use of their funds.

The state court's final decree provided that the funds just mentioned had been properly attached in that proceedings as the property of the non-resident defendant NAACP and directed that the said Banks pay to the complainants in the state proceedings the funds which are the subject of this courts injunctive order.

It is apparent that any attempt by the state court complainants to enforce the decree of the state court and require the defendant banks to comply therewith would be a violation of this court's injunctive order of December 15, 1969. In order to protect and effectuate this court's said judgment the motion for preliminary injunction as regards said funds must be sustained, 28 U.S.C. § 2283.

It may be well at this juncture to discuss the position of the state court complainants that the court is prohibited by Section 2283 from granting the preliminary injunction requested by the parties. The injunctive relief requested does not contemplate interference with the proceedings in the state court. The relief requested applies to the enforcement of the judgment by the individual state court complainants and extends only for that period necessary to permit an exhaustion of appellate remedies. The final decree of the state court is now the subject of review by the Supreme Court. The appeal has been perfected and the state court defendants have complied with the cost bond requirements fixed by the state court. The appeal will take its usual course through the state's appellate procedure and because of the complexity of the issues involved there will be several years involved in this process.

The state court complainants question the court's jurisdiction as a single-judge court, contending that since the case involves the constitutionality of a state statue and enforcement thereof, a court of three judges is required. 28 U.S.C. § 2281. The court rejects this contention for two reasons. First, section 2281 has been repealed by an Act of Congress effective August 12, 1976. Public Law 94–381, 94th Congress, S. 537, 45 LW 1. Section 7, of the Act provides that it shall not apply to any action commenced on or before the date of enactment. While the action sub judice was originally commenced prior to the enactment of the law, the facts and circumstances giving rise to the filing of the amended complaint did not occur until after the effective date. The final decree of the state court awarding monetary and injunctive relief to the state court complainants was not entered until August 19, 1976. The cause of action presented by the amended complaint herein did not come into existence until that time. Under such conditions Public Law 94–381 is fully applicable and a court of three judges is not authorized. Second, plaintiffs do not challenge the constitutionality of the supersedeas bond requirement of Section 11–51–31 Miss.Code 1972. Rather, they argue that enforcement of the state chancery court injunction and damage award, which prohibit and penalize both protected and unprotected activities, would irreparably abridge constitutionally protected rights. The court agrees with this contention. A three-judge court is not required.

The United States by its intervenor's complaint and accompanying motion, seeks to protect its interest in the funds and property of Mississippi Action for Progress, Inc., (MAP). This organization is a non-profit, tax exempt, corporation duly organized and existing pursuant to Mississippi law. MAP receives grants-in-aid from the Department of Health, Education and Welfare (HEW) pursuant to Title V of the Economic Opportunity and Community Partnership Act of 1974, 42 U.S.C. § 2921, et seq., (Head Start Act) for the operation of a Head Start Program in Mississippi.

The Head Start Act and regulations promulgated pursuant thereto, provide that title to all property purchased with grant funds is vested in the grantee solely for the purpose of enabling the grantee to carry out the objective of the grant, i.e., operate a Head Start Program as authorized by the Head Start Act, 42 U.S.C. § 2921, et seq. The United States has a full and complete lien interest in all funds and property purchased by MAP with funds advanced by HEW. In order to protect the interest of the United States in these funds and property, it is necessary to enjoin defendants from subjecting, in any way, such funds and property to the satisfaction of the state court's monetary awards. The objective of the Head Start Program would be curtailed, if not eliminated, if such injunctive relief is not granted.

The courts have long recognized and enforced the rule that no property interest of the United States can be subjected to judicial process without the consent of the sovereign. *United States v. Alabama*, 313 U.S. 274, 281, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941), *Maricopa County v. Valley National Bank*, 318 U.S. 357, 362, 63 S.Ct. 587, 87 L.Ed. 834 (1943).

The United States is now threatened with immediate, irreparable harm as the result of pending enforcement of the state judgment against MAP. The court concludes that injunctive relief is appropriate. Security is not required of the United States, Rule 65(c) Fed.R.Civ.P.

Coming now to the consideration of the motion of the NAACP the Mississippi State Conference and Coahoma Branch for injunctive relief against the enforcement of the state decree, the court concludes that the motion is well taken and should be sustained.

The amended complaint and the injunctive relief granted plaintiffs against the prosecution of the state action in the first instance were the subjects of an appeal to the Fifth Circuit. *Henry v. Bank of Clarksdale*, 444 F.2d 1300 (1971). Judge Thornberry, speaking for the court reversed this court's decision to stay the state court pro-

ceedings and directed the dissolution of the injunction and dismissal of the amended complaint. Pursuant to the mandate issued by the Fifth Circuit, on June 14, 1972, this court entered an order dismissing the amended complaint and vacating its injunctive order of June 9, 1970.

Judge Thornberry's reversal was based upon a finding that the record under review did not reveal a "state action" to support the injunctive relief sought by plaintiffs. Judge Thornberry said

> Since we conclude that there is no "state action" to be found *in the mere filing of a private civil tort action in state court,* the district court's order of June 9, 1970, enjoining the prosecution of the pending state civil action should be vacated and the cause remanded with instructions to dismiss the amended complaint for lack of jurisdiction. [Emphasis supplied.] 444 F.2d at 1312.

As to the proposition that it is essential to civil rights jurisdiction that the deprivation of rights contested be "state action", Judge Thornberry made this observation

> The difficult problem has always been to pinpoint the boundary between state action and nonstate, or private action. In this case, we must decide on which side of the boundary *lies the mere commencement of a private tort suit in state court.* [Emphasis supplied.] 444 F.2d at 1308.

Other pertinent excerpts from Judge Thornberry's opinion are:

> To apply this test to the mere filing of a private civil complaint in a state court and conclude that "state action" results would be to demean the judicial process. It would be to forget that a court is an open forum before which each party is to have a full and fair opportunity to make his case. Only after both parties to a private civil action here had their day in court and the court has reached its decision and rendered its judgment does the full power of the state come into play in enforcing the judgment.
>
> \*　\*　\*　\*　\*　\*

At the time the court below issued its injunction, the Mississippi Chancery Court had made no dispositive determinations, factual or legal, on any of these difficult issues. In other words, the State, through its courts, had taken a stand on neither side of this very difficult controversy. 444 F.2d at 1310.

There has been a drastic change in circumstances since Judge Thornberry considered the sufficiency of the allegations expressed in the amended complaint. The parties have now had their day in the state trial court and the court has rendered its judgment. The plaintiffs have the right of appeal to the Mississippi Supreme Court and then, if necessary, to the Supreme Court of the United States. The state statutes, however, make it mandatory that a supersedeas bond be posted if execution and enforcement of the judgment is to be stayed during the appellate process. The parties have sought relief from the requirements of the bond statute in the trial court and in the Supreme Court, but to no avail. They have exhausted all state remedies in that regard. As the matter now stands, absent federal intervention, the plaintiffs must post the bond required by the Mississippi Statute or suffer the seizure and sale of their property. Should they be successful on appeal, their only recourse would be to pursue a claim against the judgment creditors for an unwarranted seizure and sale of their property. The state court complainants were not required to post bond in the state court attachment proceedings, and are not required to give security for any loss or damage which plaintiffs might suffer on account of the seizure and sale of the property, should the trial court's judgment be set aside or vacated on appeal.

■■ The record reflects that plaintiffs will suffer immediate and irreparable harm if the enforcement of the state decree by defendants is not enjoined. To comply with the provisions of the decree enjoining protected rights will seriously impair their rights to free speech and association. This is in and of itself an irreparable injury. *Dombrowski v. Pfister,* 380 U.S. 479, 486, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). While the record reflects that plaintiff NAACP can

obtain funds to finance the procurement of a supersedeas bond, to accomplish this NAACP will be required to borrow a substantial portion of the amount of the bond and to deplete funds necessary to conduct its normal operations. To repay these sizeable loans the NAACP will have to curtail practically all of its usual functions during the pendency of appeal, shown to be a period of two or three years. Many current projects will have to be terminated and new projects cannot be commenced.

The granting of injunctive relief will not cause substantial harm to the defendants. The decree bears interest at the lawful rate from the date of its entry and there is no showing that a delay in enforcing the decree will result in a dissipation of the assets of plaintiffs now subject to levy. This problem, if it exists, can be alleviated by requiring an injunction bond in an appropriate amount.

The court finds the granting of the injunction to be in the public interest.

The court has concluded that the Mississippi statutes do not afford plaintiffs the due process required by law in the settlement of their controversy with defendants.

■ The existence of state action within the purview of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States can be determined only in the framework of the peculiar facts or circumstances of a case. *Burton v. Wilmington Parkway Authority*, 365 U.S. 715, 716, 81 S.Ct. 856, 857, 6 L.Ed.2d 45, 47 (headnote 7). Here in vindication of their rights, the state statutes impose such a burden on plaintiffs as to deprive them of rights guaranteed to them by the First Amendment to the Constitution of the United States. An injunction is essential to protect those rights.

The court will enter appropriate orders of injunction.